UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                                            :
            v.                                          :      **DECISION & ORDER**
                                                            :      21-M-231 (WFK)
KEVIN EDWARDS,                              :
                                                            :
            Defendant.                       :
-------------------------------------------------------------x

**WILLIAM F. KUNTZ, II, United States District Judge:** On March 1, 2021, the defendant Kevin Edwards ("Defendant") was arraigned before the Honorable Magistrate Judge Peggy Kuo. Defendant entered a plea of not guilty and presented a bail application with three sureties, which the United States of America (the "Government") opposed. *Id.* Magistrate Judge Kuo granted the bail application and set bail at $250,000.00. *Id.* The Government appealed the bond decision to this Court. This Court held telephonic arguments on the bond appeal on March 1, 2021, and **GRANTED** the Government's appeal, overturning the decision of Magistrate Judge Kuo. A permanent order of detention was entered with respect to Defendant. ECF No. 5. The Court now sets out its reasons for the denial of bail.

## BACKGROUND

On January 13, 2021, Kevin Edwards ("Defendant") was arrested and charged with being a Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1). The Honorable Magistrate Judge Sanket Bulsara ordered Defendant released to home detention with location monitoring on $200,000.00 bond. On February 5, 2021, Defendant pled not guilty to the sole count of the indictment. On February 23, 2021, the Government filed a Sealed Complaint against Defendant charging him with being a Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1), for conduct that occurred on February 8, 2020. Defendant was arrested by agents of the Federal Bureau of Investigations at his residence on March 1, 2021. The Honorable Magistrate Judge Kuo ordered Defendant released to home detention on $250,000.00 bond. The Government appealed the decision to this Court, which held a telephonic hearing on the bond decision at approximately 6:00 P.M. on March 1, 2021 and heard arguments from the Government and defense counsel. ECF Minute Entry March 1, 2021. Following arguments, the

Court entered an oral order overruling Magistrate Judge Kuo's bail decision, finding Defendant was both a danger to the community and a flight risk. *Id.* The Court entered a permanent order of detention pending trial. ECF No. 5.

## LEGAL STANDARD

Under the Bail Reform Act, a court must order pre-trial release of a defendant on a personal recognizance bond if such release will "reasonably assure the appearance of the [defendant] as required and will not endanger the safety of any other person in the community." 18 U.S.C. § 3142(b). However, if a court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," a court shall order the defendant detained pending trial. *Id.* § 3142(e)(1). A district court reviews *de novo* a magistrate judge's decision to release or detain a defendant pending trial. *See United States v. Esposito*, 309 F. Supp. 3d 24, 30 (S.D.N.Y. 2018) (Marrero, J.) (citing *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985)).

A district court undertakes a two-step inquiry when evaluating an application for bail. First, the Court must determine whether the Government has established the defendant presents a danger to the community or a risk of flight. *See* 18 U.S.C. § 3142(e). The Government must support a finding of dangerousness by clear and convincing evidence, *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995), and a finding of risk of flight by a preponderance of the evidence, *United States v. Boustani*, 932 F.3d 79, 81 (2d Cir. 2019). Second, if the Government meets its initial burden, the Court must determine whether no conditions or combination of conditions of release could reasonably assure the defendant will not flee or will not endanger others, which the Government must prove by a preponderance of the evidence. *See id.* In making this determination, a court must consider four factors: "(1) the nature and circumstances

2

of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Because the "rules concerning admissibility of evidence in criminal trials do not apply" to bail hearings, *see* 18 U.S.C. § 3142(f)(2)(B), the parties may proceed by way of proffer, *United States v. LaFontaine*, 210 F.3d 125, 130–31 (2d Cir. 2000). As such, courts often base detention decisions on hearsay evidence.

## ANALYSIS

For the reasons set forth on the record and discussed below, the Court finds Defendant poses a danger to the community and a serious flight risk such that no combination of conditions could reasonably assure his appearance in future court proceedings.

### I. The Government Has Demonstrated Defendant's Dangerousness and Risk of Flight

As required by the Bail Reform Act, the Court considers each of the 18 U.S.C. § 3142(g) factors in turn. In the Court's view, the bail factors support detention rather than release pending trial or other disposition of this case.

#### A. The Nature and Circumstances of the Offense

Defendant's charge, felon in possession of ammunition is a crime of violence, *United States v. Watkins*, 940 F.3d 152, 163 (2d Cir. 2019) (finding possession of ammunition by felon was categorically a crime of violence). Defendant's charged conduct is of the utmost seriousness, particularly considering the actions Defendant allegedly took in connection with the possession of ammunition—fatally shooting an individual multiple times in the torso and legs. Complaint ("Compl.") ¶ 3; *see also United States v. Dillard*, 214 F.3d 88, 94 (2d Cir. 2000) ("The risk of violent use posed by a convicted felon's possession of firearms is significant.").

3

Further, if convicted, Defendant will face lengthy and onerous maximum penalties. This is particularly so because Defendant is likely subject to sentencing enhancements under the Armed Career Criminal Act of 1984 ("ACCA"). Specifically, the Government alleges three of Defendant's five previous convictions qualify as "serious drug offenses" under the ACCA, subjecting Defendant to a minimum sentence of fifteen years imprisonment and an implied maximum of life imprisonment. 18 U.S.C. § 924(e)(2)(A)(ii). Additionally, based on the Government's current estimates of Defendant's criminal history category and the applicability of the homicide enhancement under USSG § 2A1.1, which applies when death results from the commission of certain felonies, Defendant's Guidelines range advises a sentence of 360 months to life imprisonment. USSG § 2A1.1. When faced with the possibility of a significant prison term, defendants have a strong incentive to flee. *See United States v. Scali*, 738 F. App'x 32, 33 (2d Cir. 2018) (summary order) ("The court reasonably determined that [the defendant]'s Guidelines range of 87–108 months' imprisonment was significant enough to provide an incentive to flee."); *see also United States v. Khusanov*, 731 F. App'x 19, 21 (2d Cir. 2018) (summary order) ("[A] district court does not clearly err in concluding that a defendant facing a potentially lengthy prison sentence possesses a strong motive to flee."). Accordingly, the Court concludes the nature and circumstances of the offense favor detention.

### B.  The Weight of the Evidence

The Government argued at the hearing the evidence against Defendant was significant, warranting detention. The Government reports Defendant was captured on color video walking up to the victim and two other individuals, pulling out his pistol, firing at the victim six times and ultimately fleeing the scene. Compl. ¶ 3. The NYPD recovered six .40 caliber cartridge cases from the area where the victim was laying. *Id.* ¶ 4. The Government also alleges the vehicle

captured in the surveillance footage was registered to Defendant. *Id.* ¶ 5. Additionally, two witnesses, both of whom were familiar with Defendant, have identified him as the assailant. *Id.* ¶¶ 6,8.

Because it is "contrary to our legal system to impose punishment for a crime that a defendant has not yet been shown to have committed," courts are cautious in affording undue weight to this factor. *See United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985); *see also United States v. Paulino*, 335 F. Supp. 3d 600, 613 (S.D.N.Y. 2018) (Carter, J.). At this early stage in the proceedings, the Court makes no conclusions about the merits of the Government's case. *See United States v. Zarrab*, 15-CR-867, 2016 WL 3681423, at *7 (S.D.N.Y. July 16, 2016) (Berman, J.) ("The Court recognizes the difficulty inherent in assessing the Government's case before trial, and is mindful not to reach any conclusions about [Defendant's] guilt or innocence." (internal citation and quotations omitted)). But significant evidence, including extensive documentation, of a defendant's role in a crime may weigh against release. *See United States v. Bruno*, 89 F. Supp. 3d 425, 431 (E.D.N.Y. 2016) ("'When evidence of a defendant's guilt is strong, and when the sentence upon conviction is likely to be long . . . a defendant has stronger motives to flee.'" (quoting *United States v. Iverson*, 14-CR-197, 2014 WL 5819815, at *4 (W.D.N.Y. Nov. 10, 2014) (Arcara, J.))). While the Court acknowledges defense counsel's contention that the still image of the surveillance footage included in the Complaint is inconclusive, the evidence against Defendant appears strong, and this factor weighs in favor of continued detention.

**C.  The History and Characteristics of Defendant**

In assessing Defendant's characteristics, the Court looks to multiple factors, including "the person's character, physical and mental condition, family ties, employment, financial

resources, length of residence in the community, community ties, past conduct, . . . criminal history," and "whether, at the time of the current offense or arrest, the person was on probation o[r] parole."  18 U.S.C. § 3142(g)(3)(A)–(B).

Defendant has no stable history of employment.  In fact, Defendant advised pretrial services he has not worked in the past six years.  While Defendant was not on probation or parole at the time of the underlying conduct, Defendant has a history of probation revocations arising from repeated criminal activity while under court supervision.  Further, Defendant was previously the subject of a protection order in favor of Nora Edwards, Defendant's mother.  These facts demonstrate Defendant's penchant for violence and criminal activity and his lack of deterrence from engaging in further illegal conduct.  Accordingly, the Court concludes the history and characteristics of Defendant favor continued detention.

### D.      The Nature and Seriousness of the Danger Posed by Defendant's Release

As previously stated, the alleged conduct at issue is of the utmost seriousness.  The Government charged Defendant with being a felon in possession of ammunition stemming from an alleged murder caught on surveillance footage.  Therefore, the danger posed by Defendant's release is great.  *United States v. Millan*, 4 F.3d 1038, 1048 (2d Cir. 1993) ("[T]he language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community.") (quoting S. Rep. No. 225, at 12 (1983)).  Moreover, the danger of Defendant's release is demonstrated through the fact Defendant's instant and past offense involved the use of a firearm.  *Dillard*, 214 F.3d at 94 ("The risk of violent use posed by a convicted felon's possession of firearms is significant.").

In light of the foregoing analysis, the Court concludes the Government has demonstrated by the requisite standards Defendant poses a danger to the community and a serious risk of flight.

## II. The Government Has Demonstrated No Conditions or Combination of Conditions Can Reasonably Assure the Defendant's Appearance in Court and the Safety of the Community

Taking into consideration the above factors, the Court concludes there is no condition or combination of conditions that will reasonably assure the appearance of Defendant as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(1). While the Court has little reason to doubt the intentions of Defendant's family and friends who acted as sureties, their influence has not dissuaded Defendant from continuing to commit violent criminal acts, and there is no reason to believe their influence would have that effect if Defendant was released. The Court recognizes it is only a "limited group of offenders who should be denied bail pending trial," *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (internal quotations omitted), but concludes Defendant is among them after considering the statutory factors.

## **CONCLUSION**

For the foregoing reasons, the Court concludes the Government has demonstrated by the requisite standard Defendant poses a danger to the community and is a flight risk, and no combination of conditions can reasonably assure Defendant's presence at future court proceedings.  Accordingly, the Government's motion for appeal of detention is GRANTED and Magistrate Judge Kuo's bail decision is overturned.

**SO ORDERED.**

*s/ WFK*
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 2, 2021
       Brooklyn, New York